## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**BRIAN KEITH ALFORD,**

          **Plaintiff,**        **:**

                                **Case No. 2:24-cv-194**

    **v.**                         **Chief Judge Sarah D. Morrison**
                                  **Magistrate Judge Caroline H.**
                                  **Gentry**

**TOM SCHWEITZER,** *et al.***,**     **:**

          **Defendants.**

## <u>ORDER</u>

This matter is before the Court on the Magistrate Judge's April 25, 2025 Report and Recommendation. (R&R, ECF No. 14.) Plaintiff Brian Keith Alford brought this action against ten Madison Correctional Institution ("MaCI") employees about issues that arose while he was incarcerated at MaCI. (Compl., ECF No. 1.) Pursuant to an initial screen under 28 U.S.C. § 1915A(b), the Magistrate Judge recommended Mr. Alford's claims be dismissed. (R&R, PAGEID # 257–58.) Mr. Alford objects to the R&R and also requests that he be allowed to file an amended complaint. (ECF No. 21.) Thus, the Court will also construe Mr. Alford's filing as a motion to amend his complaint.

For the reasons below, the Court **OVERRULES** Mr. Alford's objections, **DENIES** his motion to amend, **ADOPTS** and **AFFIRMS** the R&R, and **DISMISSES** Mr. Alford's claims.

## I.    OBJECTIONS

### A.    Standard Of Review

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

### B.    Discussion

Mr. Alford asserts claims for conspiracy under 42 U.S.C. §§ 1983 & 1985, First Amendment retaliation, First Amendment denial of access to the courts, Fourteenth Amendment denial of due process, Eighth Amendment conditions-of-confinement, Eighth Amendment deliberate-indifference-to-medical-needs, and violations of Ohio Rev. Code § 2921.45. (Compl., PAGEID # 1–3, 7). He seeks declaratory and injunctive relief, nominal and compensatory damages, and punitive damages. (*Id.* at PAGEID # 9–10.) The Magistrate Judge recommended dismissal of all of Mr. Alford's claims, concluding that (1) his requests for declaratory and injunctive relief are moot; (2) his official capacity claims are barred by the Eleventh Amendment; and (3) he failed to state a claim upon which relief can be granted as to all his other claims. Mr. Alford objects to all three conclusions.

The Court has reviewed the Report and Recommendation and Mr. Alford's Objections and finds no error in the Magistrate Judge's conclusions or reasoning.

1.    **Mr. Alford's requests for declaratory and injunctive relief are moot.**

Mr. Alford first objects to the Magistrate Judge's conclusion that his requests for declaratory and injunctive relief are moot because he is no longer incarcerated at MaCI. (Obj., PAGEID # 315.) Although Mr. Alford concedes that he "has been transferred to a different facility", he contends that "the same constitutional violations continue by ODRC employees[.]" (*Id.*) But Mr. Alford's Complaint only alleges violations by MaCI employees.

Accordingly, his Objection as to his requests for declaratory and injunctive relief is **OVERRULED**.

2.    **Mr. Alford's official capacity claims are barred.**

Mr. Alford next objects to the Magistrate Judge's conclusion that his official capacity claims are barred by the Eleventh Amendment, arguing that he can "recover declaratory and injunctive relief against Defendants in their official capacities." (Obj., PAGEID # 315.) As discussed above, Mr. Alford's requests for declaratory and injunctive relief are moot.

Accordingly, his Objection as to his official capacity claims is **OVERRULED.**

3.    **Mr. Alford fails to state a claim upon which relief can be granted as to his remaining claims.**

a)    **First Amendment Retaliation**

As to Mr. Alford's First Amendment retaliation claim, he objects to the Magistrate Judge's conclusion that he failed to allege (1) adverse actions by the Defendants that would deter a person of ordinary firmness from exercising his First

Amendment right; and (2) facts that suggest his protected conduct motivated the Defendants' adverse actions. (R&R, PAGEID # 272–74.)

The Court agrees with the Magistrate Judge's conclusion that Mr. Alford's allegations do not rise to the requisite level of adversity for a First Amendment retaliation claim. (*See id.*) Nor do his allegations regarding the timing of his protected conduct support a plausible claim that the Defendants' actions were retaliatory. (*Id.*)

### b)      First Amendment Access-to-Courts

As to his First Amendment Access-to-Courts claim, Mr. Alford objects to the Magistrate Judge's conclusions that he failed to allege (1) an actual injury because he was forced to mail a box of legal materials involving several pending cases to his father; and (2) that the lawsuit(s) or intended filings asserted one or more non-frivolous claims. He argues that one of his lawsuits, *United States v. Alford*, No. 3:00-CR-65-1, 2025 WL 860896 (S.D. Ohio Mar. 19, 2025), was dismissed because of "missing documents to prove his innocence." (Obj., PAGEID # 320.) But that court overruled Mr. Alford's renewed motion for a new trial because, even assuming ODRC intentionally destroyed his exculpatory evidence, he failed to demonstrate excusable neglect in waiting nearly 18 years after he became aware of the evidence in 2006 to move for a new trial. *Alford*, 2025 WL 860896, at *2.

Mr. Alford also argues that his "lawsuits or intended filings asserted one or more non-frivolous claims." (Obj., PAGEID # 320.) But Mr. Alford failed to describe his predicate lawsuit and/or intended filings "well enough to apply the 'nonfrivolous'

test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

> **c)** **Conspiracy Claims Under 42 U.S.C. § 1983 and § 1985**

The Magistrate Judge concluded that Mr. Alford made a "conclusory *allegation*, without supporting *facts*, that the Defendants engaged in a conspiracy." (R&R, PAGEID # 278.) His Objection provides no basis to conclude otherwise; he simply repeats his conclusory assertion that the Defendants shared a conspiratorial objective. (Obj., PAGEID # 321.)

> **d)** **Procedural Due Process**

Mr. Alford objects to the Magistrate Judge's conclusion that he failed to identify a protected interest sufficient to proceed on his procedural due process claim, arguing that his medical boots and box of legal documents qualify as protected interests. (Obj., PAGEID # 322.) But the Magistrate Judge found that, even assuming Mr. Alford had a protected interest in his medical boots and the box of legal documents, his procedural due process claim still failed: the temporary deprivation of his boots was a *de minimis* injury and he retained ownership of the box of legal documents when he mailed it to his father. (R&R, PAGEID # 281–82.) The Court finds no reason to conclude otherwise and Mr. Alford provides none.

> **e)** **Eighth Amendment Claims**

Mr. Alford objects to the Magistrate Judge's recommendation that his Eighth Amendment deliberate-indifference-to-medical needs and conditions-of-confinement claims be dismissed, arguing that his alleged facts are sufficient to state both

5

claims. But as the Magistrate Judge correctly found, Mr. Alford provided "no facts about the alleged deprivation of treatment for hepatitis-C" and "[n]one of the conditions that [he] identifies—suspension of telephone, visitation and JPay tablet privileges, deprivation of his boots and box of legal materials, searches of his cell, and administration of faulty drug tests—constitute an extreme deprivation that gives rise to an Eighth Amendment violation." (R&R, PAGEID # 283, 285.)

### f) State-law Claims

Mr. Alford brings state-law claims under Ohio Rev. Code § 2921.45; the Magistrate Judge properly concluded that this Ohio statute is a criminal law that does not provide for a private civil cause of action.

Accordingly, his Objection as to his remaining claims is **OVERRULED**.

## II. MOTION TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." Even so, a plaintiff is "not entitled to a directive from the district court 'informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.'" *Graham v. Fearon*, 721 F. App'x 429, 439 (6th Cir. 2018) (citation omitted).

Mr. Alford requests leave to file an amended complaint "more fully outlining the violations", but he attaches no proposed amended complaint and identifies no additional factual allegations that he would include. (Obj., PAGEID # 305.)

Accordingly, his Motion to Amend is **DENIED**.

6

III.     CONCLUSION

Having closely reviewed the Magistrate Judge's Report and Recommendation and finding no error, the Court **OVERRULES** Mr. Alford's Objections (ECF No. 21). Mr. Alford's Motion to Amend is **DENIED**. The Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 14) and Mr. Alford's claims are **DISMISSED**. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.


**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**